IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

DAVID OLENICK

and

CAPITAL CONCEPTS, INC., d/b/a
BCREATIVE, INC.

    Plaintiffs,

v.                                                                                    CIVIL ACTION NO. 3:23-cv-00038

STEVEN WAMPOLD
    Serve:  16 Avalon Lane
            Marlborough, CT 06477

and

PUNCHKINS, LLC
    Serve:  Steven Wampold
            148 Eastern Blvd., Suite 308
            Glastonbury, CT 06033

    Defendants.

## COMPLAINT

Plaintiffs, David Olenick ("Olenick") and Capital Concepts, Inc., d/b/a bCreative, Inc. ("bCreative"), by and through their undersigned counsel, bring this action against Defendants Steven Wampold ("Wampold") and Punchkins, LLC ("Punchkins"), (collectively "Defendants"), and request that this Court grant the injunctive relief, damages and other relief sought herein.

## NATURE OF ACTION

1.     This is an action for injunctive relief, damages, statutory damages, attorney's fees and other appropriate relief arising out of the Defendants' infringement of Olenick's copyrights in certain creative works.

## PARTIES

2. Olenick is a resident of the State of New Jersey.

3. bCreative is a corporation organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business in Charlottesville, Virginia.

4. Defendant Wampold is a resident of the State of Connecticut and is the sole manager of Punchkins. Upon information and belief, Wampold controlled the day-to-day operations of Punchkins at all times relevant to this Complaint.

5. Defendant Punchkins is a limited liability company organized and existing under the laws of the State of Connecticut and has its principal place of business and registered office in Glastonbury, Connecticut. Defendant Punchkins has transacted and currently transacts business throughout the Commonwealth of Virginia, including by selling consumer merchandise and products through its website and via mail to customers in Charlottesville, Virginia.

## JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1338(a) (copyrights) and 28 U.S.C. § 1331 (Federal Question).

7. The Court has personal jurisdiction over Wampold because, upon information and belief, he accessed Olenick's copyrighted designs in his individual capacity, sent the infringing products to customers in Virginia through Punchkins, and controls the day-to-day operations of Punchkins.

8. The Court has personal jurisdiction over Punchkins because Punchkins (a) transacts business in the Commonwealth of Virginia; (b) contracts to supply services or things in the Commonwealth of Virginia; (c) upon information and belief, has caused tortious injury by acts in the Commonwealth of Virginia; and (d) has caused tortious injury in the Commonwealth of

Virginia by acts committed outside of Virginia and, regularly does or solicits business in the Commonwealth of Virginia, and derives substantial revenues from goods used or consumed or services rendered in the Commonwealth of Virginia. Punchkins has made substantial, intentional, and significant connections with the Commonwealth of Virginia, including through its online marketing, sales, and customer support for customers residing in Virginia.

9. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(3), (c)(2) and (d) because Defendants are subject to personal jurisdiction in this district arising out of their conducting business within this district, including by introducing infringing products throughout Virginia through their online website and mailing products to residents in this district.

## FACTS

10. Olenick is a popular artist and designer who has authored and created numerous creative designs, which have appeared on two-dimensional and three-dimensional consumer products sold throughout the world. Olenick licenses his artwork directly to third-party manufacturers, publishers, suppliers and retailers to create, manufacture, sell, distribute and advertise consumer products bearing his artwork. Olenick also licenses his artwork and brand to bCreative to sublicense his artwork.

11. As part of its business, bCreative licenses rights to creative designs, brands, and various works from artists, designers, brand owners, and other authors, and bCreative grants sublicenses thereto to third-party manufacturers, publishers, suppliers and retailers to create, manufacture, sell, distribute and advertise consumer products bearing such designs, brands, and works, which consumer products include t-shirts, mugs, drinkware, calendars, magnets, greeting cards, posters, tumblers, puzzles, and other toy, gift, apparel, houseware, and novelty items.

12. Defendant Wampold has owned and operated, or currently owns and operates, either directly or through his holding company, numerous limited liability companies in addition to Punchkins, including KwirkWorks, LLC ("KwirkWorks") and Big Mouth, LLC ("Big Mouth").

13. KwirkWorks is identified as a gift, novelty, and souvenir store that, according to its website, sells a "huge assortment of quirky, laugh-out-loud gnomes and gifts."[1]

14. On April 18, 2019, Wampold, as Managing Director of KwirkWorks, entered into a Licensee Member Master Sub-Licensee Agreement with bCreative, concurrently signing Schedule 1 of the agreement (as amended on June 26, 2019) for the licensing of Olenick's designs for use on a wide range of consumer products. The license granted on Schedule 1 of this agreement expired on December 31, 2022. KwirkWorks has reported and paid royalties to bCreative for its sales of Olenick licensed products.

15. On December 30, 2019, Wampold, as CEO of Big Mouth, entered into a Licensee Member Master Sub-Licensee Agreement with bCreative concurrently signing Schedule 1 of the agreement for the licensing of Olenick's designs for use on a wide range of consumer products. Big Mouth paid bCreative a $4,000.00 royalty advance on or about Feb 25, 2020 as pre-paid royalties for the Olenick licensed products. The license granted on Schedule 1 of this agreement was scheduled to expire on December 31, 2021; however, Big Mouth LLC filed for bankruptcy on or about April 2020.

16. Pursuant to these licensee agreements, Wampold received access to the full catalog of Olenick's designs, including, but not limited to, the underlying art files for four creative designs entitled "Anxietea," "Mozzarelativity," "Raw Truth," and "Above Bored."

---

[1] "Welcome to Kwirkworks," KWIRKWORKS, www.kwirkworks.com.

17. Defendant Punchkins sells "collectible plush toys with personality"[2] to consumers throughout the United States from its website www.punchkins.com, including to consumers in Virginia.

18. In about 2013, Olenick created a unique and creative work named "Anxietea," which consists of an artistically designed teacup with a smiling face and the string of a tea bag protruding from the cup; the words "Calm the hell down" are written around the teacup (the "Anxietea Work"). A copy of the Anxietea Work is attached hereto as **Exhibit 1**.

19. The United States Copyright Office (the "Copyright Office") registered the copyright in the Anxietea Work on April 19, 2016. A copy of the Certificate of Registration issued by the Copyright Office for the Anxietea Work is attached hereto as **Exhibit 2**.

20. In about 2013, Olenick created a unique and creative work named "Mozzarelativity," which consists of an artistically designed slice of pepperoni pizza with a mischievous smile under the words, "I'M GOOD EVEN WHEN I'M BAD" (the "Mozzarelativity Work"). A copy of the Mozzarelativity Work is attached hereto as **Exhibit 3**.

21. The Copyright Office registered the copyright in the Mozzarelativity Work on December 15, 2022. A copy of the Certificate of Registration issued by the Copyright Office for the Mozzarelativity Work is attached hereto as **Exhibit 4**.

22. In about 2013, Olenick created a unique and creative work named "Raw Truth," which consists of an artistically designed stalk of broccoli with a smiling face that contains the words "Healthy as Fuck" (the "Raw Truth Work"). A copy of the Raw Truth Work is attached hereto as **Exhibit 5**.

---

[2] "The Punchkins Story," PUNCHKINS, www.punchkins.com/pages/about-us.

23. The Copyright Office registered the copyright in the Raw Truth Work on May 25, 2016. A copy of the Certificate of Registration issued by the Copyright Office for the Raw Truth Work is attached hereto as **Exhibit 6**.

24. In about 2012, Olenick created a unique and creative work named "Above Bored," which consists of an artistically designed rainbow with an unhappy face with clouds at each end; above the rainbow are the words "I'M OVER IT" (the "Above Bored Work"). A copy of the Above Bored Work is attached hereto as **Exhibit 7**.

25. The Copyright Office registered the copyright in the Above Bored Work on January 24, 2018. A copy of the Certificate of Registration issued by the Copyright Office for the Above Bored Work is attached hereto as **Exhibit 8**.

26. Pursuant to an agreement between Olenick and bCreative executed on February 24, 2017, Olenick granted bCreative certain rights to use, manufacture, have manufactured, sell, distribute, advertise, and license consumer products that contain or depict, among others, the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, and the Above Bored Work (collectively, the "Works").

27. Olenick and bCreative have never granted Punchkins a license to use any of the Works or any other work for any purpose whatsoever.

28. Defendants have sold at least one (1) product through the Punchkins website that contains a design that is substantially similar to the Anxietea Work, namely, the "Calm the Hell Down Plush Teacup," a picture of which is attached hereto as **Exhibit 9** (the "Infringing Teacup").

29. Defendants have sold at least one (1) product through the Punchkins website that contains a design that is substantially similar to the Mozzarelativity Work, namely, the "I'm Good

Even When I'm Bad Plush Pizza," a picture of which is attached hereto as **Exhibit 10** (the "Infringing Pizza").

30. Defendants have sold at least one (1) product through the Punchkins website that contains a design that is substantially similar to the Raw Truth Work, namely, the "Healthy AF Plush Broccoli," a picture of which is attached hereto as **Exhibit 11** (the "Infringing Broccoli").

31. Defendants have sold at least one (1) product through the Punchkins website that contains a design that is substantially similar to the Above Bored Work, namely, the "I'm So Over It Plush Rainbow," a picture of which is attached hereto as **Exhibit 12** (the "Infringing Rainbow").

## COUNT I
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501
## AGAINST ALL DEFENDANTS

32. Plaintiffs incorporate the allegations of the preceding paragraphs as if fully stated herein.

33. The text and images displayed and contained in the Anxietea Work and the manner in which such text, images and photography are displayed and arranged, constitute an original work of authorship that is protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and the Copyright Office has issued a certificate of registration of the copyright in the Anxietea Work.

34. The text and images displayed and contained in the Mozzarelativity Work and the manner in which such text, images and photography are displayed and arranged, constitute an original work of authorship that is protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and the Copyright Office has issued a certificate of registration of the copyright in the Mozzarelativity Work.

35. The text and images displayed and contained in the Raw Truth Work and the manner in which such text, images and photography are displayed and arranged, constitute an original

work of authorship that is protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and the Copyright Office has issued a certificate of registration of the copyright in the Raw Truth Work.

36. The text and images displayed and contained in the Above Bored Work and the manner in which such text, images and photography are displayed and arranged, constitute an original work of authorship that is protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and the Copyright Office has issued a certificate of registration of the copyright in the Above Bored Work.

37. Olenick is the sole owner of each of the exclusive rights set forth in 17 U.S.C. § 106 with respect to the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, and the Above Bored Work. bCreative has certain exclusive rights in and to the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, and the Above Bored Work, including the right to use, manufacture, have manufactured, sell, distribute, advertise, and license plush products depicting or containing each such work.

38. Defendants' actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Teacup, and, potentially, other products containing or incorporating the Anxietea Work, or substantially similar versions thereof, has violated, and continues to violate, Olenick's copyright in the Anxietea Work under 17 U.S.C. § 106, including without limitation, Olenick's exclusive rights to reproduce the Anxietea Work, to distribute copies of the Anxietea Work to the public by sale or license, and to display the Anxietea Work publicly.

39. Defendants' actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Teacup, and, potentially, other products containing or incorporating the Anxietea Work, or substantially similar versions thereof, has violated, and continues to violate, bCreative's contractual rights granted by Olenick to reproduce the Anxietea

Work on certain consumer products, including plush products, to distribute such consumer products to the public by sale or license, and to display and advertise such consumer products publicly.

40. Defendants' actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Pizza, and, potentially, other products containing or incorporating the Mozzarelativity Work, or substantially similar versions thereof, has violated, and continues to violate, Olenick's copyright in the Mozzarelativity Work under 17 U.S.C. § 106, including without limitation, Olenick's exclusive rights to reproduce the Mozzarelativity Work, to distribute copies of the Mozzarelativity Work to the public by sale or license, and to display the Mozzarelativity Work publicly.

41. Defendants' actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Pizza and, potentially, other products containing or incorporating the Mozzarelativity Work, or substantially similar versions thereof, has violated, and continues to violate, bCreative's contractual rights granted by Olenick to reproduce the Mozzarelativity Work on certain consumer products, including plush products, to distribute such consumer products to the public by sale or license, and to display and advertise such consumer products publicly.

42. Defendants' actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Broccoli, and, potentially, other products containing or incorporating the Raw Truth Work, or substantially similar versions thereof, has violated, and continues to violate, Olenick's copyright in the Raw Truth Work under 17 U.S.C. § 106, including without limitation, Olenick's exclusive rights to reproduce the Raw Truth Work, to distribute

copies of the Raw Truth Work to the public by sale or license, and to display the Raw Truth Work publicly.

43.    Defendants' actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Broccoli and, potentially, other products containing or incorporating the Raw Truth Work, or substantially similar versions thereof, has violated, and continues to violate, bCreative's contractual rights granted by Olenick to reproduce the Raw Truth Work on certain consumer products, including plush products, to distribute such consumer products to the public by sale or license, and to display and advertise such consumer products publicly.

44.    Defendants' actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Rainbow, and, potentially, other products containing or incorporating the Above Bored Work, or substantially similar versions thereof, has violated, and continues to violate, Olenick's copyright in the Above Bored Work under 17 U.S.C. § 106, including without limitation, Olenick's exclusive rights to reproduce the Above Bored Work, to distribute copies of the Above Bored Work to the public by sale or license, and to display the Above Bored Work publicly.

45.    Defendants' actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Rainbow and, potentially, other products containing or incorporating the Above Bored Work, or substantially similar versions thereof, has violated, and continues to violate, bCreative's contractual rights granted by Olenick to reproduce the Above Bored Work on certain consumer products, including plush products, to distribute such consumer products to the public by sale or license, and to display and advertise such consumer products publicly.

46. Defendants' actions, as described above, were committed willfully in that Defendants had knowledge, or should reasonably have known, that the copyrights in the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, and the Above Bored Work were owned by Olenick because Wampold, on behalf and for the benefit of other entities, entered into licensing agreements relating to the Works.

47. As a direct and proximate result of Defendants' willful and wrongful actions, both Olenick and bCreative have each suffered, and will continue to suffer, lost profits and damage to his/its business reputation and goodwill.

48. Defendants will continue—unless restrained—to reproduce, create, advertise, publicly display, distribute and sell the Infringing Teacup, the Infringing Pizza, the Infringing Broccoli, and the Infringing Rainbow (collectively, the "Infringing Products") and, upon information and belief, other products containing or incorporating the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, the Above Bored Work, and other copyrighted works owned by Olenick, or substantially similar versions of any of the foregoing, for which neither bCreative nor Olenick has as an adequate remedy at law. Plaintiffs are entitled to an injunction to restrain Defendants from engaging in such further acts of copyright infringement, willful or otherwise.

49. A side-by-side comparison of the Works and the Infringing Products is attached hereto as **Exhibit 13**.

50. Pursuant to 17 U.S.C. § 504(a) and (b), Olenick and bCreative are entitled to recover from Defendants (a) all damages sustained by Olenick and bCreative from the Defendants' sales of the Infringing Teacup, the Infringing Pizza, the Infringing Broccoli, the Infringing Rainbow, and all other products containing or incorporating the Anxietea Work, the Mozzarelativity Work,

the Raw Truth Work, the Above Bored Work, and other copyrighted works owned by Olenick or substantially similar versions of any of the foregoing; and (b) all of the profits of Defendants earned by Defendants from their sales of the Infringing Teacup, the Infringing Pizza, the Infringing Broccoli, the Infringing Rainbow, and all other products containing or incorporating the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, the Above Bored Work, and other copyrighted works owned by Olenick or substantially similar versions of any of the foregoing.

51. Olenick and bCreative each reserves the right to elect an award of statutory damages pursuant to 17 U.S.C. § 504(c) with respect to Defendants' infringement of the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, the Above Bored Work, and all other copyrighted works owned by Olenick, including without limitation, an award of up to $150,000 for each Work pursuant to 17 U.S.C. § 504(c)(2) on account of the Defendants' willful infringement.

52. As the copyright in each of the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, and the Above Bored Work was each registered by the Copyright Office prior to Defendants' infringement of Olenick's copyrighted Works, Olenick and bCreative are entitled to an award of attorney's fees and the full costs of this action, pursuant to 17 U.S.C. § 505.

### COUNT II
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### AGAINST DEFENDANT WAMPOLD

53. Plaintiffs incorporate the preceding allegations as if fully stated herein.

54. In addition, and in the alternative, at all times relevant to this Complaint, Wampold was the managing member of Punchkins.

55. Upon information and belief, Wampold directed the day-to-day operations of Punchkins.

56. Wampold, in his individual capacity and not on behalf of Punchkins, accessed the underlying art files for the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, and the Above Bored Work.

57. Wampold, whether acting as manager of Punchkins or in his individual capacity, provided the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, and the Above Bored Work to Punchkins, created the Infringing Teacup, the Infringing Pizza, the Infringing Broccoli, and the Infringing Rainbow and used Punchkins' online store to sell these infringing products.

58. At no point did Olenick or bCreative enter into a licensee agreement with Punchkins or authorize Punchkins to use any of Olenick's designs, including the Works.

59. Wampold had knowledge of the Infringing Teacup, the Infringing Pizza, and the Infringing Broccoli that Punchkins was selling to consumers.

60. Wampold willfully, knowingly, and intentionally induced, caused, encouraged, and assisted Punchkins to reproduce, create, advertise, publicly display, distribute and sell the Infringing Products throughout the United States.

61. Plaintiffs suffered and continue to suffer injury as a result of the Infringing Products.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT
## AGAINST DEFENDANT WAMPOLD

62. Plaintiffs incorporate the preceding allegations as if fully stated herein.

63. In addition, and in the alternative, to the extent that Wampold, as Punchkins' sole manager, employed individuals or supervised members of Punchkins who were, whether Wampold was aware or not, reproducing, creating, advertising, publicly displaying, distributing, or selling the Infringing Teacup, the Infringing Pizza, the Infringing Broccoli, the Infringing Rainbow, and,

potentially, other products containing or incorporating the Works, he is vicariously liable for their infringement.

64. At all times relevant to this Complaint, Wampold had the right and ability to supervise the infringing activity.

65. At all times relevant to this Complaint, Wampold possessed an obvious and direct financial interest in the exploited copyrighted Works.

66. Wampold failed to prevent or stop Punchkins' members, employees, or agents from selling the Infringing Products.

67. Plaintiffs suffered and continue to suffer injury as a result of the Infringing Products.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendants and award Plaintiffs the following relief:

1. A permanent injunction enjoining Defendants from creating, producing, publicly displaying, distributing, or selling (a) the Infringing Teacup; (b) the Infringing Pizza; (c) the Infringing Broccoli; (d) the Infringing Rainbow; and (e) any other product which contains, displays or incorporates the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, the Above Bored Work, or any other copyrighted work owned by Olenick, or any substantially similar versions of any of the foregoing;

2. A full accounting of all plush products and all other products that have been created or sold by Defendants and which contain, display, or incorporate the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, the Above Bored Work, or any other copyrighted work owned by Olenick, or any substantially similar versions of any of the foregoing;

3. Pursuant to 17 U.S.C. § 504(a) and (b), an award of damages equal to the amount of Plaintiffs' damages and Defendants' profits from sales of (a) the Infringing Teacup; (b) the

Infringing Pizza; (c) the Infringing Broccoli; (d) the Infringing Rainbow; and (e) any other product which contains, displays or incorporates the Anxietea Work, the Mozzarelativity Work, the Raw Truth Work, the Above Bored Work, or any other copyrighted work owned by Olenick, or any substantially similar versions of any of the foregoing;

    4.    Alternatively, if so elected by the Plaintiffs at trial, an award of statutory damages pursuant to 17 U.S.C. § 504(c);

    5.    An award of attorney's fees and costs of this action pursuant to 17 U.S.C. § 505; and.

    5.    Such other and further legal and equitable relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury of all claims so triable.

DAVID OLENICK and
CAPITAL CONCEPTS, INC.,
d/b/a BCREATIVE, INC.

By Counsel:

/s/ Marc A. Peritz
Marc A. Peritz (VSB No. 39054)
M. Hunter Rush (VSB No. 97203)
Flora Pettit PC
530 East Main Street
P.O. Box 2057
Charlottesville, Virginia 22902
Phone: (434) 979-1400
Fax: (434) 977-5109
map@fplegal.com
mhr@fplegal.com